FILED
SUPERIOR COURT
OF GUAM

2018 MAR 13 PM 3: 18

CLERK OF COURT

By:_____

## IN THE SUPERIOR COURT OF GUAM

| | |
|---|---|
| RONNIE MIRANDA MAGBITANG,<br><br>Plaintiff,<br><br>vs.<br><br>ARLENE MAGBITANG,<br><br>Defendant. | Superior Court Case No. __DM0602-17__<br><br>**DECISION AND ORDER**<br>**re**<br>**JURISDICTION AND INCONVENIENT**<br>**FORUM** |

Upon Plaintiff Ronnie Miranda Magbitang's Motion for Pendente Lite Custody, filed on on January 10, 2017, Defendant Arlene Magbitang asked the Court to determine whether it has jurisdiction of this matter or is an inconvenient forum. The Court heard the issue of jurisdiction on March 7, 2018, and took the matter under advisement.[1] Having considered the parties' arguments and the applicable law, the Court declines jurisdiction upon finding that Guam is an inconvenient forum.

## I.   PROCEDURAL BACKGROUND

On November 16, 2017, Ronnie Magbitang initiated this action in a Verified Complaint for Divorce. Ronnie alleged that he and Arlene had been residing on Guam for at least 90 days preceding the filing of the Verified Complaint. V. Compl. Divorce ¶ 3 (Nov. 16, 2017). Ronnie also

---

[1] At the hearing, Plaintiff Ronnie Magbitang was represented by Attorney Gary Gumataotao of the Law Offices of Gumataotao & Pole, P.C. Defendant Arlene Magbitang was represented by Attorney Jeffrey Cook of the Law Offices Cunliffe & Cook.

ORIGINAL

alleged there were two minor sons of the marriage: Rei Magbitang (DOB: 09/10/2010) and Nikko Magbitang (DOB: 8/8/2012).

It is undisputed that in December 2017, the family relocated to San Diego, California pursuant to United States Navy orders. Ex Parte Mot. Temporary Custody (Dec. 19, 2017); Opp'n Def.'s Ex Parte Mot. Custody at 1 (Dec. 19, 2017). At the Motion hearing on March 7, 2018, counsel for Ronnie could not confirm the intended length of Ronnie's military station in California but projected the unconfirmed return date as 2020.

## II.  LAW AND DISCUSSION

The parties agree that, for the purposes of jurisdiction under the Uniform Child-Custody Jurisdiction and Enforcement Act (UCCJEA), Guam is the home state. 7 GCA § 39201. Further, the parties and this Court acknowledge that as the home state jurisdiction, the Superior Court of Guam may make initial child-custody determinations.

However, the UCCJEA permits this Court to decline to exercise jurisdiction if it determines itself to be an inconvenient forum and another State to be a "more appropriate forum." 7 GCA § 39207(a). The Court may consider, among other factors, "the distance between the court in Guam and the Court in the State that would assume jurisdiction," "the relative financial circumstances of the parties," "the nature and location of the evidence required to resolve the pending litigation, including testimony of the child," and "the ability of the court to each decide the issue expeditiously." 7 GCA § 39207(b).

The Court finds that it is appropriate to decline jurisdiction as the home state. It will be difficult for this Court to decide custody issues when the parties and the children reside in California and will remain in California for the foreseeable future. Ronnie asserts he will make himself

ORIGINAL

available by phone and can travel to Guam for hearings, despite being stationed in San Diego. However, the Court is concerned that there is no indication of Arlene's or the children's availability to travel to Guam to attend hearings. Because the parties and the children live in Southern California and will remain there for at least the next few years, it will be more convenient for the primary persons involved to attend hearings and litigate this case in California. A court tasked with determining custody should have an opportunity to hear from both parents in person. Because of the distance and time difference between Guam and California, and the costs associated with traveling from California to Guam and back, a California court stands in a superior position to hear custody issues, particularly on an expeditious nature.

In addition, there is evidence that the Magbitangs have well-established connections to California. For example, Ronnie originated from California and files taxes there. Decl. Def. Arlene Magbitang (Feb. 14, 2018). Arlene now lives in Los Angeles, California, with family. Memo. Re: Child Custody Jurisdiction (Feb. 14, 2018). The parties have greater connections to Guam than California at this point. Thus, for the long-term interests of the minors, a California court is the proper entity to make determinations on custody.

Having considered the vast distance between Guam and California, the strain on the parties' resources in having to travel to Guam to litigate custody, and the limited resources the Court has to examine the parties and the children in person, the Court determines that Guam is an inconvenient forum and that California is a more appropriate forum.

## III.     CONCLUSION AND ORDER

The Court hereby finds that pursuant to 7 GCA § 39207, the Superior Court of Guam is an inconvenient forum, and therefore the Court DECLINES JURISDICTION. The Court further finds

ORIGINAL

that California presents a convenient forum to determine custody matters concerning the minors at issue. These child custody proceedings shall be stayed upon condition that a child-custody proceeding be promptly commenced in California.

The Court sets a Status Hearing for April 18, 2018, at 9:30 a.m.

Dated this 13th day of March 2018.

_____
**HON. ELYZE IRIARTE**
**Judge, Superior Court of Guam**

SERVICE VIA COURT BOX

I acknowledge that a copy of the
original hereto was placed in the
court box of: Camacho & Pole
Cunliffe & Cook
Date: 3/13/18 Time: 4 pm
**DAVILYNN S. PEREZ**
Deputy Clerk, Superior Court of Guam

ORIGINAL